1  REGINA A. STAGG (State Bar No. 103953)
   JAMES S. BLACKBURN (State Bar No. 169134)
2  TRUC-LINH NGUYEN (State Bar No. 219656)
   ERIKA K. WOODS (State Bar No. 228926)
3  ARNOLD & PORTER LLP
   777 South Figueroa Street, 44th Floor
4  Los Angeles, California 90017-5844
   Telephone: (213) 243-4000
5  Facsimile: (213) 243-4199

6  Attorneys for Defendant Joseph P. Urso

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11  | Brian Gotta, Bill Edwards, Larry Weiss, | Case No. C 05-00374 SBA |
    | Linda Mendez, Christina Perry, Roger Baker, |  |
12  | John Thorp, Chuck Montagnon, Tony |  |
    | Gonsalves, Stephen Barron, Ronald and | **STIPULATION OF THE PARTIES TO** |
13  | Patricia Battema, Joseph Ceraolo, Donna | **PERMIT DEFENDANT JOSEPH P.** |
    | Burgtorf, Frank Del Monte, Tom DeSantis, | **URSO TO FILE FIRST AMENDED** |
14  | Jerry Distler, Larry Dunn Jr., Kim Dyer, Ken | **ANSWER AND PROPOSED FIRST** |
    | Godby, Gary Griffin, Joe Hachmeister, Bill | **AMENDED ANSWER; [PROPOSED]** |
15  | Harnsberger, George and Patsy Holland, | **ORDER THEREON** |
    | Leonard Horsley Jr., Roy Edward Huff, |  |
16  | Avery Hull, Steve Larson, John Marcella, |  |
    | Joleen Matthews, Eleanor Noel McCarthy, |  |
17  | Jerry Murray, James Ruppert, Edward Santo, | Honorable Saundra B. Armstrong |
    | Thomas Scholle, Leo Sheridan, Albert |  |
18  | Stephenson, Bill Stovall, Anita Thompson, |  |
    | Leveda Thompson, Ann Thomson, John |  |
19  | Walch, Daphne White, Dennis Wilkins, |  |
    | Thomas Willis, Plaintiff Does A, B and C. |  |
20  |  |  |
    | Plaintiffs, |  |
21  |  |  |
    | v. |  |
22  |  |  |
    | Joseph P. Urso, an individual; Todd Follmer, |  |
23  | an individual, Actiebolaget Electrolux A.B., a |  |
    | foreign corporation, Charles Schwabb & Co., ) |  |
24  | Inc.; Aerus Living Corporation, a corporation;) |  |
    | Azure Corporation, a corporation; V'En, a |  |
25  | corporation, Defendant Does 1 through 10, |  |
    | inclusive, |  |
26  |  |  |
    | Defendants. |  |
27

28

1    Whereas on February 1, 2005 Defendant Joseph P. Urso ("Urso") filed his Answer to

2  Plaintiffs' First Amended Complaint;

3    Whereas Urso now wishes to file the First Amended Answer ("FAA") attached hereto as

4  Exhibit A to add the additional defense of Release, Settlement and Discharge as to Plaintiff

5  Eleanor N. McCarthy;

6    Whereas the additional defense is set forth as the Thirty Third Defense in Urso's First

7  Amended Answer and the amended answer does not contain any other changes or amendments;

8    Whereas Plaintiffs, without conceding the merits of any aspect of the First Amended

9  ///

10  ///

11  ///

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1    Answer and without waiving their objections to subject matter jurisdiction set forth in their pending

2    Motion for Remand, agree that that the First Amended Answer may be filed;

3        IT IS HEREBY STIPULATED by Plaintiffs and Urso, by and through their respective

4    attorneys of record, that Urso may file the attached First Amended Answer.

5        IT IS SO STIPULATED.

6    Dated: _April 26_, 2005                    VENARDI • ELAM LLP

7

8                                    By: _____
                                         H. Larry Elam III
9                                        Attorneys for Plaintiffs

10   Dated: _April 27_, 2005               ARNOLD & PORTER LLP

11                                   By: _____
                                         Regina A. Stagg
12                                       Attorneys for Defendant
13                                       Joseph P. Urso

14

15                                  **ORDER**

16        IT IS HEREBY ORDERED THAT Defendant Joseph P. Urso shall be permitted to file his

17   First Amended Answer to Plaintiffs' First Amended Complaint. The First Amended Answer is

18   hereby deemed filed as of the date on which the foregoing Joint Stipulation and Proposed First

19   Amended Answer were submitted to this Court.

20        IT IS SO ORDERED.

21

22

23   DATED: _May 5_____, 2005          /s/ Saundra Brown Armstrong
                                         Saundra B. Armstrong
24                                       United States District Judge

25

26

27

28                                          3
                              Stipulation Of The Parties To Permit Defendant Joseph P. Urso To
                              File A First Amended Answer And Proposed First Amended Answer
                                                          Case No. C 05-00374 SBA

EXHIBIT A

1   REGINA A. STAGG (State Bar No. 103953)
    JAMES S. BLACKBURN (State Bar No. 169134)
2   TRUC-LINH N. NGUYEN (State Bar No. 291656)
    ERIKA K. WOODS (State Bar No. 228926)
3   ARNOLD & PORTER LLP
    777 South Figueroa Street, 44th Floor
4   Los Angeles, California  90017-5844
    Telephone: (213) 243-4000
5   Facsimile:  (213) 243-4199

6   Attorneys for Defendant Joseph P. Urso

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11  Brian Gotta; Bill Edwards; Larry Weis; Linda )   Case No. C 05-00374 SBA
    Mendez; Christina Perry; Roger Baker; John   )
12  Thorp; Chuck Montagnon; Tony Gonsales;       )   FIRST AMENDED ANSWER OF
    Stephen Barron; Ronald and Patricia Battema; )   DEFENDANT JOSEPH P. URSO TO FIRST
13  Joseph Ceraolo; Donna Burgtorf; Frank Del    )   AMENDED COMPLAINT
    Monte; Tom DeSantis; Jerry Distler; Larry    )
14  Dunn Jr.; Kim Dyer; Ken Godby; Gary          )
    Griffin; Joe Hachmeister; Bill Harnsberger;  )   Honorable Saundra B. Armstrong
15  George and Patsy Holland; Leonard Horsley    )
    Jr.; Roy Edward Huff; Avery Hull; Steve      )
16  Larson; John Marcella; Joleen Matthews;      )
    Eleanor Noel McCarthy; Jerry Murray; James   )
17  Ruppert; Edward Santo; Thomas Scholle; Leo   )
    Sheridan; Albert Stephenson; Bill Stovall;   )
18  Anita Thomson; Leveda Thompson; Ann          )
    Thompson; John Walch; Daphne White;          )
19  Dennis Wilkins; Thomas Willis; Plaintiff     )
    Does A, B, and C.                            )
20                                               )
                        Plaintiffs,              )
21                                               )
               v.                                )
22                                               )
    JOSEPH P. URSO, an individual; TODD          )
23  FOLLMER, an individual; ACTIEBOLAGET         )
    ELECTROLUX A.B., a foreign corporation,      )
24  CHARLES SCHWABB & CO., INC.,                 )
    AERUS LIVING CORPORATION, a                  )
25  corporation, AZURE CORPORATION, a            )
    corporation, V'EN, a corporation, Defendant  )
26  DOES 1 through 10, inclusive,                )
                                                 )
27                      Defendants.              )
                                                 )
28

357126_1.doc

Defendant Joseph P. Urso ("Urso") for himself and no other defendant, answers the first amended complaint (the "FAC") filed herein by plaintiffs. Urso was not served with the original complaint in this action. The FAC was the first pleading he received.[1] Urso admits, denies and alleges as follows:

1.      Answering paragraph 1 of the FAC, Urso admits the allegations contained in that paragraph.

2.      Answering paragraph 2 of the FAC, Urso admits that he is an individual residing in Texas. Urso further admits that he regularly makes telephone calls to California and that he has made telephone calls to a girlfriend in California. Urso states that the fourth sentence of paragraph 2 is so vague, ambiguous and unintelligible, that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence and, on that basis, denies such allegations. Except as expressly admitted and alleged herein, Urso denies each and every allegation contained in paragraph 2 of the FAC.

3.      Answering paragraph 3 of the FAC, Urso admits that Todd Follmer is an individual who resides in California. Except as expressly admitted and alleged herein, Urso denies each and every allegation contained in paragraph 3 of the FAC.

4.      Answering paragraph 4 of the FAC, Urso admits that Aktiebolaget Electrolux A.B.[2] ("Aktiebolaget Electrolux"), is a corporation headquartered in Sweden. Urso is without knowledge or information sufficient to form a belief as to the truth of the allegations that Aktiebolaget Electrolux does business throughout California, including in San Francisco, California, and, on that basis, denies such allegations. Except as expressly admitted and alleged herein, Urso denies each and every allegation contained in paragraph 4 of the FAC.

5.      Answering paragraph 5 of the FAC, Urso responds that he is without knowledge or information sufficient to form a belief as to the truth of the allegations that Charles Schwab & Co.,

---

[1] As described in the Additional and Affirmative Defenses below, the attempted service on Urso was defective.

[2] The name of this company is misspelled in the FAC.

- 2 -

1    Inc. ("Schwab") is a corporation that does business throughout California and, on that basis, denies

2    such allegations.  Except as expressly alleged herein, Urso denies each and every allegation

3    contained in paragraph 5 of the FAC.

4            6.      Answering paragraph 6 of the FAC, Urso responds that he is without knowledge or

5    information sufficient to form a belief as to the truth of the allegations contained in the first three

6    sentences of paragraph 6 and, on that basis, denies such allegations.  Except as expressly alleged

7    herein, Urso denies each and every allegation contained in paragraph 6 of the FAC.

8            7.      Answering paragraph 7 of the FAC, Urso responds that he is without knowledge or

9    information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and,

10   on that basis, denies such allegations.

11           8.      Answering paragraph 8 of the FAC, Urso denies each and every allegation contained

12   therein.

13           9.      Answering paragraph 9 of the FAC, Urso denies each and every allegation contained

14   therein.

15           10.     Answering paragraph 10 of the FAC, Urso incorporates by this reference, as if fully

16   set forth herein, the responses contained in paragraphs 1 through 9 above.

17           11.     Answering paragraph 11 of the FAC, Urso denies each and every allegation

18   contained therein.

19           12.     Answering paragraph 12 of the FAC, Urso denies each and every allegation

20   contained therein.

21           13.     Answering paragraph 13 of the FAC, Urso responds that he is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations regarding the alleged actions

23   and knowledge of Aktiebolaget Electrolux and, on that basis, denies such allegations.  Urso further

24   responds that the last full sentence of paragaraph 13 and the sentence fragment at the end of

25   paragraph 13 are so vague, ambiguous and unintelligible that Urso is without knowledge or

26   information sufficient to form a belief as to the truth of those allegations and, on that basis, denies

27

28
                                                    - 3 -

                                                          First Amended Answer Of Defendant Joseph P. Urso
                                                                                  To First Amended Complaint
                                                                               CASE NO. C 05-00374 SBA

1     such allegations.  Except as expressly alleged herein, Urso denies each and every allegation

2     contained in paragraph 13 of the FAC.

3          14.     Answering paragraph 14 of the FAC, Urso responds that he is without knowledge or

4     information sufficient to form a belief as to the truth of the allegations regarding the alleged actions

5     and knowledge of Aktiebolaget Electrolux and, on that basis, denies such allegations.  Except as

6     expressly alleged herein, Urso denies each and every allegation contained in paragraph 14 of the

7     FAC.

8          15.     Answering paragraph 15 of the FAC, Urso responds that he is without knowledge or

9     information sufficient to form a belief as to the truth of the allegations regarding the alleged actions

10     of Schwab or Follmer and, on that basis, denies such allegations.  Except as expressly alleged

11     herein, Urso denies each and every allegation contained in paragraph 15 of the FAC.

12          16.     Answering paragraph 16 of the FAC, Urso responds that he is without knowledge or

13     information sufficient to form a belief as to the truth of the allegations regarding the alleged actions

14     of Schwab or Follmer and, on that basis, denies such allegations.  Except as expressly alleged

15     herein, Urso denies each and every allegation contained in paragraph 16 of the FAC.

16          17.     Answering paragraph 17 of the FAC, Urso denies each and every allegation

17     contained therein.

18          18.     Answering paragraph 18 of the FAC, Urso denies each and every allegation

19     contained therein.

20          19.     Answering paragraph 19 of the FAC, Urso responds that he is without knowledge or

21     information sufficient to form a belief as to the truth of the allegations regarding the alleged actions

22     of Aktiebolaget Electrolux.  Except as expressly alleged herein, Urso denies each and every

23     allegation contained in paragraph 19 of the FAC.

24          20.     Answering paragraph 20 of the FAC, Urso responds that he is without knowledge or

25     information sufficient to form a belief as to the truth of the allegations regarding the alleged actions

26     and knowledge of Schwab and, on that basis, denies such allegations.  Urso further responds that the

27     allegations of the last sentence of paragraph 20 are so vague, ambiguous and unintelligible that Urso

28

- 4 -

1    is without knowledge or information sufficient to form a belief as to the truth of those allegations

2    and, on that basis, denies such allegations. Except as expressly alleged herein, Urso denies each and

3    every allegation contained in paragraph 20 of the FAC.

4        21.    Answering paragraph 21 of the FAC, Urso denies each and every allegation

5    contained therein.

6        22.    Answering paragraph 22 of the FAC, Urso denies each and every allegation

7    contained therein.

8        23.    Answering paragraph 23 of the FAC, Urso denies each and every allegation

9    contained therein.

10        24.    Answering paragraph 24 of the FAC, Urso denies each and every allegation

11    contained therein.

12        25.    Answering paragraph 25 of the FAC, Urso denies each and every allegation

13    contained therein.

14        26.    Answering paragraph 26 of the FAC, Urso denies each and every allegation

15    contained therein.

16        27.    Answering paragraph 27 of the FAC, Urso denies each and every allegation

17    contained therein.

18        28.    Answering paragraph 28 of the FAC, Urso states that, to the extent the allegations in

19    this paragraph constitute legal conclusions, they do not require a response. Except as expressly

20    alleged herein, Urso denies each and every allegation contained in paragraph 28 of the FAC.

21        29.    Answering paragraph 29 of the FAC, Urso denies each and every allegation

22    contained therein. Without limiting the generality of the foregoing, Urso specifically denies that any

23    of the plaintiffs are entitled to any remedy or any sum from Urso and also denies that any of the

24    plaintiffs have tendered or have the ability to tender securities as alleged in that paragraph.

25        30.    Answering paragraph 30 of the FAC, Urso denies each and every allegation

26    contained therein.

27

28

- 5 -

1       31.    Answering paragraph 31 of the FAC, Urso denies each and every allegation

2  contained therein. Without limiting the generality of the foregoing, Urso specifically denies that any

3  of the plaintiffs have been damaged by him in any manner or amount whatsoever.

4       32.    Answering paragraph 32 of the FAC, Urso denies each and every allegation

5  contained therein.

6       33.    Answering paragraph 33 of the FAC, Urso incorporates by this reference, as if fully

7  set forth herein, the responses contained in paragraphs 1 through 32 above.

8       34.    Answering paragraph 34 of the FAC, Urso denies each and every allegation

9  contained therein.

10      35.    Answering paragraph 35 of the FAC, Urso denies each and every allegation

11  contained therein.

12      36.    Answering paragraph 36 of the FAC, Urso responds that he is without knowledge or

13  information sufficient to form a belief as to the truth of the allegations contained in paragraph 36

14  and, on that basis, denies such allegations.

15      37.    Answering paragraph 37 of the FAC, Urso responds that he is without knowledge or

16  information sufficient to form a belief as to the truth of the allegations contained in paragraph 37

17  and, on that basis, denies such allegations.

18      38.    Answering paragraph 38 of the FAC, Urso responds that the allegations contained in

19  paragraph 38 are so vague, ambiguous, and unintelligible that Urso is without knowledge or

20  information sufficient to form a belief as to the truth of those allegations and, on that basis, denies

21  such allegations. Without limiting the generality of the foregoing, Urso specifically denies that he

22  concealed or failed to disclose any material facts or made any false statements to any plaintiff or

23  ordered others to make false statements to any plaintiff.

24      39.    Answering paragraph 39 of the FAC, Urso responds that he is without knowledge or

25  information sufficient to form a belief as to the truth of the allegations contained in paragraph 39

26  and, on that basis, denies such allegations.

27

28

- 6 -

40.     Answering paragraph 40 of the FAC, Urso responds that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and, on that basis, denies such allegations.

41.     Answering paragraph 41 of the FAC, Urso denies each and every allegation contained therein.

42.     Answering paragraph 42 of the FAC, Urso denies each and every allegation contained therein.

43.     Answering paragraph 43 of the FAC, Urso responds that he is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions and knowledge of Aktiebolaget Electrolux and, on that basis, denies such allegations.  Urso further responds that the allegations of the second sentence of paragraph 43 are so vague as to time that Urso is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies the allegations.  Except as expressly alleged herein, Urso denies each and every allegation contained in paragraph 43 of the FAC.

44.     Answering paragraph 44 of the FAC, Urso responds that he is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions and knowledge of Schwab and, on that basis, denies such allegations.  Except as otherwise expressly alleged herein, Urso denies each and every allegation contained in paragraph 44 of the FAC.

45.     Answering paragraph 45 of the FAC, Urso denies each and every allegation contained therein.

46.     Answering paragraph 46 of the FAC, Urso denies each and every allegation contained therein.

47.     Answering paragraph 47 of the FAC, Urso denies each and every allegation contained therein.

48.     Answering paragraph 48 of the FAC, Urso denies each and every allegation contained therein.

- 7 -

49.     Answering paragraph 49 of the FAC, Urso denies each and every allegation contained therein.

50.     Answering paragraph 50 of the FAC, Urso denies each and every allegation contained therein.

51.     Answering paragraph 51 of the FAC, Urso denies each and every allegation contained therein.

52.     Answering paragraph 52 of the FAC, Urso denies each and every allegation contained therein.

53.     Answering paragraph 53 of the FAC, Urso denies each and every allegation contained therein. Without limiting the generality of the foregoing, Urso denies that any of the plaintiffs are entitled to any remedy or sum from Urso and further denies that any of the plaintiffs have tendered or have the ability to tender securities as alleged in that paragraph.

54.     Answering paragraph 54 of the FAC, Urso denies each and every allegation contained therein.

55.     Answering paragraph 55 of the FAC, Urso denies each and every allegation contained therein.

56.     Answering paragraph 56 of the FAC, Urso denies each and every allegation contained therein.

57.     Answering paragraph 57 of the FAC, Urso incorporates by this reference, as if fully set herein, the responses contained in paragraphs 1 through 56 above.

58.     Answering paragraph 58 of the FAC, Urso denies each and every allegation contained therein.

59.     Answering paragraph 59 of the FAC, Urso denies each and every allegation contained therein.

60.     Answering paragraph 60 of the FAC, Urso denies each and every allegation contained therein. Without limiting the generality of the foregoing, Urso specifically denies that any

- 8 -

1    of the plaintiffs are entitled to any remedy or sum from Urso and further denies that any of the

2    plaintiffs have tendered or are capable of tendering securities as alleged in that paragraph.

3        61.    Answering paragraph 61 of the FAC, Urso denies each and every allegation

4    contained therein. Without limiting the generality of the foregoing, Urso specifically denies that any

5    of the plaintiffs have been damaged by Urso in any manner or amount whatsoever.

6        62.    Answering paragraph 62 of the FAC, Urso denies each and every allegation

7    contained therein.

8        63.    Answering paragraph 63 of the FAC, Urso denies each and every allegation

9    contained therein.

10       64.    Answering paragraph 64 of the FAC, Urso denies each and every allegation

11   contained therein.

12       65.    Answering paragraph 65 of the FAC, Urso incorporates by this reference, as if fully

13   set forth herein, the responses contained in paragraphs 1 through 64 above.

14       66.    Answering paragraph 66 of the FAC, Urso denies each and every allegation

15   contained therein.

16       67.    Answering paragraph 67 of the FAC, Urso responds that the first three sentences of

17   that paragraph merely contain purported legal conclusions and do not require a response.  In

18   addition, with respect to the second and third sentences of paragraph 67, Urso responds that the

19   cited statutes speak for themselves. Urso further responds that the fifth sentence of paragraph 67

20   merely purports to pray for certain relief and does not require a response. Except as expressly

21   admitted and alleged herein, Urso denies each and every allegation contained in paragraph 67 of the

22   FAC. Without limiting the generality of the foregoing, Urso specifically denies that any of the

23   plaintiffs are entitled to any relief or remedy against Urso of any type or in any amount.

24       68.    Answering paragraph 68 of the FAC, Urso denies each and every allegation

25   contained therein.

26       69.    Urso states that the Prayer for Relief contained in the FAC, including all of its

27   subparagraphs, does not require a response.

28

- 9 -

First Amended Answer Of Defendant Joseph P. Urso
To First Amended Complaint
CASE NO. C 05-00374 SBA

70.     Urso denies each and every allegation contained in the FAC not heretofore admitted or denied.

AS AND FOR HIS ADDITIONAL AND AFFIRMATIVE DEFENSES HEREIN, URSO ALLEGES AS FOLLOWS:

**First Defense**

**(Failure to State a Claim)**

71.     The FAC, including each and every purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Urso.

**Second Defense**

**(ERISA Preemption - 29 U.S.C. §1001 et. seq.)**

72.     Each and every purported claim for relief set forth in the FAC is preempted by the Employee's Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., including but not limited to Sections 1144(a), 1131(a)(1), 1131(a)(2) and 1131(a)(3).

**Third Defense**

**(Personal Jurisdiction)**

73.     At all times relevant to the determination of personal jurisdiction, Urso resided and was domiciled in the State of Texas, was not physically served with the Summons or FAC in California, had minimal, insubstantial, and non-continuous contacts with California, did not consent to the jurisdiction of a California court and is not subject to the jurisdiction of a California court for any purpose in this action.

**Fourth Defense**

**(Improper Venue)**

74.     At all times relevant to the determination of venue, none of the individual defendants named in this action resided in San Francisco County, none of the purported claims arose in San Francisco County and the convenience of the parties and witnesses, judicial economy, and the interest of justice make San Francisco County an improper venue pursuant to California Code of Civil Procedure §§ 395 and 395.5.

- 10 -

**Fifth Defense**

**(Inconvenient Forum)**

75.     The Northern District of California is an inconvenient forum and transfer of this action to the Northern District of Texas or, alternatively, the Northern District of Illinois, is appropriate pursuant to 28 U.S.C. §1404.

**Sixth Defense**

**(Improper Service of Summons and FAC)**

76.     Urso was not personally served with the summons and FAC and valid substitute service was not effected on Urso in that, among other things, Plaintiffs attempted to serve Urso by leaving a copy of the Summons and FAC at Urso's residence with a minor under 18 years of age in violation of California Code of Civil Procedure § 415.20 (b), failed to complete service by mailing a copy of the Summons and FAC to the same address, and failed to indicate on the Summons the capacity in which they purported to serve Urso.

**Seventh Defense**

**(Improperly Named Plaintiff)**

77.     Plaintiff Medhi Zahari is improperly named as a Plaintiff in "Attachment B" to the Summons but is not named as a Plaintiff on the caption page of the FAC.

**Eighth Defense**

**(Lack of Standing- California Corporations Code §§ 25400 and 25500)**

78.     With respect to the first claim for relief set forth in the FAC, Plaintiffs lack standing in that, among other things, the stock that is the subject of Plaintiffs' purported claims is held and was purchased by a trustee of an employee benefit plan and, consequently, Plaintiffs are not purchasers or sellers of stock within the meaning of California Corporations Code §§25400 or 25500.

- 11 -

1

**Ninth Defense**

2

**(Lack of Standing – All Causes of Action)**

3        79.        With respect to each and every purported claim for relief set forth in the FAC,

4    Plaintiffs lack standing to assert such claims in that, among other things, the stock that is the subject

5    of Plaintiffs' purported claims is held by a trustee of an employee benefit plan, and the Plaintiffs

6    have no direct ownership interest in the stock.

7

**Tenth Defense**

8

**(Improper Defendant - California Corporations Code §§ 25400 and 25500)**

9        80.        With respect to the first claim for relief set forth in the FAC, Defendant Urso is an

10   improper defendant because Urso is not a purchaser or seller of stock within the meaning of

11   California Corporations Code §§25400 or 25500.

12

**Eleventh Defense**

13

**(Statute of Limitations- California Corporations Code § 25400 et. seq.**

14

**and Civil Conspiracy)**

15       81.        The first and third claims for relief set forth in the FAC are barred, in whole or in

16   part, by the statute of limitations provided in California Corporations Code § 25506.

17

18

**Twelfth Defense**

19

**(Statute of Limitations-Fraud, Deceit and Civil Conspiracy)**

20       82.        The second and third claims for relief set forth in the FAC are barred, in whole or in

21   part, by the statute of limitations provided in California Code of Civil Procedure § 338(d).

22

**Thirteenth Defense**

23

**(Statute of Limitations-California Business and Professions Code § 17200 et. seq.**

24

**and Civil Conspiracy)**

25       83.        The third and fourth claims for relief set forth in the FAC are barred, in whole or in

26   part, by the statute of limitations provided in California Business and Professions Code §17208.

27

28

- 12 -

**Fourteenth Defense**

**(Lack of Causation)**

84.     With respect to each and every purported claim for relief set forth in the FAC, Urso is informed and believes, and on that basis alleges, that any cognizable damage or injury alleged in the FAC was not proximately caused in whole or in part by any act or omission of Urso.

**Fifteenth Defense**

**(Failure to Mitigate Damages)**

85.     With respect to each and every purported claim for relief set forth in the FAC, Urso denies that Plaintiffs have suffered any cognizable damage or injury as a result of any act or omission of Urso, but alleges, in the alternative, that if the Court should determine that Plaintiffs have suffered cognizable injury or damage as a result of any act or omission of Urso, Plaintiffs have failed to use reasonable efforts to mitigate such damage or injury.

**Sixteenth Defense**

**(Good Faith)**

86.     Urso at all times acted in good faith and on an informed basis.

**Seventeenth Defense**

**(California Business and Professions Code Section 17200**

**Does Not Apply to Securities Transactions)**

87.     The fourth claim for relief set forth in the FAC is barred, in whole or in part, in that, among other things, the allegations that form the basis for the fourth claim for relief purport to involve securities transactions and, as a matter of law, California Business and Professions Code §17200 does not impose liability for violations related to securities transactions.

**Eighteenth Defense**

**(California Business and Professions Code Section 17200-**

**Failure to Meet Class Action Requirements)**

88.     The fourth claim for relief set forth in the FAC is barred, in whole or in part, in that, among other things, although Plaintiffs seek relief on behalf of themselves and other similarly

- 13 -

situated individuals, class action requirements have not been pleaded and cannot be satisfied, as required by California Business and Professions Code §§ 1703 and 17204.

### Nineteenth Defense

### (Settlement, Release, Discharge)

89.    With respect to Plaintiff Gary Griffin ("Griffin"), each and every purported claim set forth in the FAC is barred because Griffin released Urso from such claims in a written Settlement Agreement in August of 2003.  The Griffin Settlement Agreement is incorporated by this reference as if fully set forth herein.[3]

### Twentieth Defense

### (Settlement, Release, Discharge)

90.    With respect to Plaintiff Ann C. Thompson ("Thompson"), each and every purported claim for relief set forth in the FAC is barred because Thompson released Urso from such claims in a Settlement Agreement and General Release of Claims effective December 13, 2001.  The Thomspon Settlement Agreement is incorporated by this reference as if fully set forth herein.

### Twenty First Defense

### (Settlement, Release, Discharge)

91.    With respect to Plaintiff Brian Gotta ("Gotta") each and every purported claim for relief set forth in the FAC is barred because Gotta released Urso from such claims in a Severance Agreement dated August 7, 2002.  The Gotta Severance Agreement is incorporated by this reference as if fully set forth herein.

### Twenty Second Defense

### (Settlement, Release, Discharge)

92.    With respect to Medhi Zahari ("Zahari"), who is listed on the Summons as a Plaintiff, but not on the FAC, if he purports to be a Plaintiff, each and every purported claim for relief set forth in the FAC is barred because Zahari released Urso from such claims in a written

---

[3]  The releases referenced in defenses, Nineteen, Twenty, Twenty One, Twenty Two and Thirty Two are confidential and will be made available to Plaintiffs' counsel pursuant to an appropriate protective order or other suitable protections.

- 14 -

Settlement Agreement and General Release and a Cash Out Offer which Zahari accepted, both dated December 6, 2004.  The Zahari Settlement Agreement and Cash Out are incorporated by this reference as if fully set forth herein.

### Twenty Third Defense

### (Lack of Reliance)

93.    With respect to each and every purported claim set forth in the FAC, Urso alleges that Plaintiffs did not justifiably or reasonably rely on any of the purported misrepresentations or omissions alleged therein. Urso further alleges that some, or in the case of certain Plaintiffs all, of the Lux stock held by the Lux Plan for the benefit of such Plaintiffs was contributed to the Plan as voluntary employer contributions.  Plaintiffs had no discretion over such contributions. Accordingly, Plaintiffs took no action in reliance on any statement or omission with respect to such stock.

### Twenty Fourth Defense

### (Unclean Hands)

94.    Each and every purported claim for relief set forth in the FAC is barred, in whole or in part, and/or the damages recoverable thereunder are reduced, by the doctrine of unclean hands.

### Twenty Fifth Defense

### (Laches)

95.    Each and every purported claim for relief set forth in the FAC is barred, in whole or in part, and/or the damages reduced, by the doctrine of laches.

### Twenty Sixth Defense

### (Estoppel)

96.    Each and every purported claim for relief set forth in the FAC is barred, in whole or in part, and/or the damages reduced, by the doctrine of estoppel.

- 15 -

### Twenty Seventh Defense

### (Waiver)

97.     Each and every purported claim for relief set forth in the FAC is barred, in whole or in part, and/or the damages reduced, by the doctrine of waiver.

### Twenty Eighth Defense

### (Assumption of Risk)

98.     Each and every purported claim for relief set forth in the FAC is barred in whole or in part, and/or the damages reduced, because Plaintiffs voluntarily assumed the risk that any investment in Lux stock could result in a loss.

### Twenty Ninth Defense

### (Contributory Negligence)

99.     Each and every purported claim for relief set forth in the FAC is barred in whole or in part, and/or the damages reduced, by Plaintiffs' own negligence in failing to exercise reasonable care, or by disregarding their actual knowledge of any alleged misrepresentations or omissions attributed to Urso.

### Thirtieth Defense

### (Comparative Fault)

100.    Each and every purported claim for relief set forth in the FAC is barred in whole or in part, and/or the damages reduced or eliminated, in proportion to the wrongful or negligent conduct of persons and/or entities other than Urso (including but not limited to Plaintiffs and all other Defendants) under principles of equitable allocation, recoupment, indemnity and comparative fault.

### Thirty First Defense

### (Consent)

101.    Each and every purported claim for relief set forth in the FAC is barred, in whole or in part, and/or the damages reduced by the doctrine of waiver.

- 16 -

First Amended Answer Of Defendant Joseph P. Urso
To First Amended Complaint
CASE NO. C 05-00374 SBA

1

**Thirty Second Defense**

2

**(Unjust Enrichment)**

3      102.   Each and every purported cause of action set forth in the FAC is barred, in whole or

4 in part, with respect to Plaintiffs Griffin, Thompson, Gotta and Zahari because these Plaintiffs

5 entered into agreements releasing Urso from claims such as the ones asserted in the FAC and these

6 Plaintiffs would be unjustly enriched if allowed to recover under the FAC.

7

**Thirty Third Defense**

8

**(Settlement, Release, Discharge)**

9      103.   With respect to Plaintiff Eleanor M. McCarthy ("McCarthy"), each and every

10 purported claim for relief set forth in the FAC is barred because McCarthy released Urso from such

11 claims in a written Cash Out Offer which McCarthy accepted on or about June 9, 2004. The Cash

12 Out accepted by McCarthy is incorporated by this reference as if fully set forth herein.

13

14 Dated: *April 27, 2005*

                 ARNOLD & PORTER LLP
                 REGINA A. STAGG

15                  JAMES S. BLACKBURN
                 TRUC-LINH N. NGUYEN

16                  ERIKA K. WOODS

17

18                  By: *Regina A Stagg*

19                     Regina A. Stagg
                    Attorneys for Defendant

20                     Joseph P. Urso

21

22

23

24

25

26

27

28