| | |
|---|---|
| 1 | REGINA A. STAGG (State Bar No. 103953) |
| | JAMES S. BLACKBURN (State Bar No. 169134) |
| 2 | TRUC-LINH NGUYEN (State Bar No. 219656) |
| | ERIKA K. WOODS (State Bar No. 228926) |
| 3 | ARNOLD & PORTER LLP |
| | 777 South Figueroa Street, 44th Floor |
| 4 | Los Angeles, California 90017-5844 |
| | Telephone: (213) 243-4000 |
| 5 | Facsimile: (213) 243-4199 |
| 6 | Attorneys for Defendant Joseph P. Urso |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Brian Gotta, Bill Edwards, Larry Weiss, Linda Mendez, Christina Perry, Roger Baker, John Thorp, Chuck Montagnon, Tony Gonsalves, Stephen Barron, Ronald and Patricia Battema, Joseph Ceraolo, Donna Burgtorf, Frank Del Monte, Tom DeSantis, Jerry Distler, Larry Dunn Jr., Kim Dyer, Ken Godby, Gary Griffin, Joe Hachmeister, Bill Harnsberger, George and Patsy Holland, Leonard Horsley Jr., Roy Edward Huff, Avery Hull, Steve Larson, John Marcella, Joleen Matthews, Eleanor Noel McCarthy, Jerry Murray, James Ruppert, Edward Santo, Thomas Scholle, Leo Sheridan, Albert Stephenson, Bill Stovall, Anita Thompson, Leveda Thompson, Ann Thomson, John Walch, Daphne White, Dennis Wilkins, Thomas Willis, Plaintiff Does A, B and C. | Case No. C 05-00374 SBA<br><br>[PROPOSED] ORDER DENYING MOTION FOR REMAND<br><br>Honorable Saundra B. Armstrong<br><br>Date: May 10, 2005<br>Time: 1:00 p.m.<br>Ctrm: 3 |
| Plaintiffs, | |
| v. | |
| Joseph P. Urso, an individual; Todd Follmer, an individual, Actiebolaget Electrolux A.B., a foreign corporation, Charles Schwabb & Co., Inc.; Aerus Living Corporation, a corporation; Azure Corporation, a corporation; V'En, a corporation, Defendant Does 1 through 10, inclusive, | |
| Defendants. | |

[PROPOSED] ORDER DENYING MOTION FOR REMAND
CASE NO. C 05-00374 SBA

358439_1.DOC

1  The Motion for Remand brought by Plaintiffs Brian Gotta, *et al.* ("Plaintiffs") came on
2  regularly for hearing by the Court on May 10, 2005, the Honorable Saundra B. Armstrong
3  presiding. Upon consideration of the evidence and the memoranda of points and authorities
4  submitted by the parties, [and oral argument in connection with the Motion for Remand taken at the
5  hearing,] the Court has determined that all of Plaintiffs' claims are completely preempted by the
6  Employee Retirement Income Security Act of 1974 ("ERISA"). Accordingly, the Court has subject
7  matter jurisdiction over this action and the action properly was removed from the Superior Court of
8  the State of California, County of San Francisco, to the United States District Court for the Northern
9  District of California.

10  THIS COURT HEREBY FINDS that Defendant Joseph P. Urso has shown that each and all
11  of Plaintiffs' claims are completely preempted by ERISA. Plaintiffs are former employees of Lux
12  Enterprises, Inc. ("Lux") and participants in the Lux Enterprises, Inc. Employees' Retirement Plan
13  (the "Lux Plan"). Before Plaintiffs were employed by Lux, they were employed by Electrolux LLC
14  and participated in the Amended and Restated Electrolux LLC Retirement Plan (the "Electrolux
15  Plan"), which subsequently merged into the Lux Plan. Near the time Plaintiffs became employees of
16  Lux, the trustee of the Electrolux Plan transferred certain employer contributions in the Electrolux
17  Plan to the Lux Plan for the purchase of Lux stock. These proposed transactions were described in
18  an "Information Statement" issued by Electrolux LLC in or around November 3, 2000, as the
19  sponsor and acting administrator of the Electrolux Plan. Defendant Urso is a Director and Chief
20  Executive Officer, President, Treasurer of Lux and, since November 30, 1998, has been the
21  Chairman and Chief Executive Officer of Aerus LLC (formerly Electrolux LLC). Plaintiffs now
22  contend that they were fraudulently induced to consent to this transfer and use of their plan benefits
23  by allegedly false statements made by Defendant Urso and others, several of which are contained in
24  the Information Statement. All of the issued and outstanding stock of Lux is owned by GreatBanc
25  Trust Company as the Lux Plan trustee. None of the Plaintiffs are shareholders of record of Lux.
26  Plaintiffs have alleged four state law claims in their First Amended Complaint ("FAC")
27  based upon false statements allegedly made by or at the direction of Defendants for the purpose of
28

1  inducing Plaintiffs to purchase and hold Lux stock: (1) Securities Fraud – Cal. Corp. Code § 25400
2  *et seq.*; (2) Fraud and Deceit; (3) Civil Conspiracy; and (4) Violation of Cal. Business &
3  Professions Code § 17200 *et seq.* The only remedies sought by Plaintiffs are rescission of their
4  alleged Lux stock purchases and restitution of the "consideration" allegedly provided by them for
5  the Lux stock – *i.e.*, the employer contributions transferred from the Electrolux Plan – and
6  "disgorgement" of all profits allegedly gained by Defendants as a result of their wrongful acts.
7        Any state law claim that "duplicates, supplements, or supplants the ERISA civil
8  enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy
9  exclusive and is therefore preempted." *Aetna Health, Inc. v. Davila*, 124 S. Ct. 2488, 2495 (2004).
10  Complete preemption occurs when the rights asserted by a Plaintiff do not exist independently of an
11  ERISA plan. *Id.* at 2497. Where a state law claim "fall[s] within the scope of ERISA's civil
12  enforcement scheme," it is "removable under the complete preemption doctrine." *Toumajian v.*
13  *Frailey*, 135 F.3d 648, 657 (9th Cir. 1999).
14        The undisputed evidence before this Court demonstrates that Plaintiffs' claims "duplicate,
15  supplement or supplant" ERISA's exclusive civil enforcement scheme and that Plaintiffs' claims
16  are not independent of the existence of the Electrolux and Lux Plans and alleged misstatements
17  made in the course of administration of those plans. Among other reasons, Plaintiffs' claims for
18  return of the "consideration" used to purchase Lux stock for the Lux Plan constitutes a suit to
19  recover plan benefits under ERISA § 502(a)(1)(B). The "consideration" was the discretionary
20  employer contributions in the Electrolux Plan (now merged with the Lux Plan) allocable to
21  Plaintiffs' individual accounts. *See, e.g., Campbell v. BankBoston, N.A.*, 327 F.3d 1, 8-9 (1st Cir.
22  2003) (defining "accrued benefits" in an ERISA plan as equal to the "employee's accumulated
23  contributions"). Additionally, the substance of Plaintiffs' allegations – that they were fraudulently
24  induced into selecting an investment in connection with their ERISA plan accounts that resulted in
25  lesser benefits than other plan investments might have yielded – confirms that their claims are
26  preempted under ERISA § 502(a)(1)(B). *See Swaback v. American Info. Techs. Corp.*, 103 F.3d
27  535, 542 (7th Cir. 1996) (if an employee has been deterred by an employer's misrepresentation
28

- 2 -
[PROPOSED] ORDER DENYING MOTION FOR REMAND
CASE NO. C 05-00374 SBA

from electing retirement benefits to which he is entitled, he can maintain an ERISA action for those benefits); *Mackay v. Grumman Allied Indus., Inc.*, 993 F. Supp. 1068, 1070-71 (W.D. Mich. 1997) (plaintiff's claim that defendant made "certain misrepresentations that he would receive higher pension benefits than he would otherwise obtain" actually a claim for greater pension benefits under ERISA § 502(a)(1)(B)).

Plaintiffs' claims also constitute a suit against persons or entities allegedly acting as plan fiduciaries to recover plan benefits and restore plan profits under ERISA § 502(a)(2). A person is a plan fiduciary, and therefore subject to ERISA fiduciary obligations, to the extent he or she "exercises any discretionary authority or control respecting management" or the "administration" of the plan or "respecting management or disposition of its assets." *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996). The misrepresentations alleged by Plaintiffs in the FAC and attributed to Defendants are statements made regarding employee benefits that constitute actions in connection with the administration of an employee benefit plan. *Id.* at 501; *see also Anderson v. Humana, Inc.*, 24 F.3d 889, 891 (7th Cir. 1994) (holding that a "claim that the literature distributed as part of a plan's administration is incorrect, or that employees were fraudulently induced to pick one option under a plan rather than another" was preempted under ERISA § 502(a)(2)). The relief sought by Plaintiffs likewise falls within ERISA § 502(a)(2). Plaintiffs seek equitable restitution of the employer contributions used by the Lux Plan trustee to purchase Lux stock. "Restitution of ill-gotten plan assets" is a form of equitable relief available under both § 502(a)(2) and § 502(a)(3). *See Landwehr v. DuPree*, 72 F.3d 726, 733 (9th Cir. 1995). Plaintiffs' avoidance of the word "fiduciary" in their description of Defendants' alleged conduct does not bar preemption. Preemption is determined not by whether Defendants actually are fiduciaries, but rather by whether Plaintiffs' claims seek relief against Defendants as putative plan fiduciaries. *Toumajian*, 135 F.3d at 657. Because all of Plaintiffs' claims are based on alleged breaches of duty by Urso and other Defendants in the course of administration of the Electrolux and Lux Plans, Plaintiffs' claims are completely preempted under the enforcement provision of ERISA § 502(a)(2).

Additionally, Plaintiffs' demands for restitution and disgorgement are claims for equitable relief to compel the return of ill-gotten plan assets encompassed by ERISA § 502(a)(3). Section 502(a)(3) allows a plan participant to bring suit to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or ... to obtain other such appropriate equitable relief ... to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). Claims under ERISA § 502(a)(3) may be asserted against non-fiduciaries as well as fiduciaries. *See Harris Trust and Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 244-45 (2000). Section 502(a)(3) incorporates "common-law remedial principles," such as restitution and constructive trust. *Id.* at 252. Here, Plaintiffs' claims for "restitution" and for "disgorge[ment] of all ... [illicit] profits," (FAC, § 31, 55, 63, 67-68), are claims for "such appropriate equitable relief" and therefore fall within § 502(a)(3). *See Jackson v. Wal-Mart Stores, Inc.*, Case No. 01-1232, 2001 WL 1530359, *1, 24 Fed. Appx. 133 (4th Cir. 2001) (plaintiff's state law wage claim converted to an ERISA claim because it was tantamount to an "action seeking return of contributions made under the terms of the plan and for restitution of any overpayments under 29 U.S.C.A. § 1132(a)(3)(B)"); *see also In re Enron Corporation*, 284 F. Supp. 2d 511, 644-645, 679-682 (S.D. Texas 2003).

Recent Supreme Court authority indicates that only complete preemption under ERISA, § 502(a) and not conflict preemption under ERISA § 514(a), is a prerequisite to federal removal jurisdiction. *See Davila*, 124 S. Ct. at 2496-98; *Moran*, 536 U.S. ___, 363-87 (finding that § 514 did not preempt the Illinois HMO act but nonetheless noting that the court had subject matter jurisdiction under § 502(a)). Nevertheless, conflict preemption under § 514(a) also is satisfied in this case. State law claims that "relate to" an ERISA plan are subject to conflict preemption under § 514(a). 29 U.S.C. § 1144(a); *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-56 (1995). A claim "relates to" an ERISA plan if the "plaintiff's state law claim ... merely seeks an alternative enforcement mechanism of an ERISA provision." *California Pacific Medical Center v. Concentra Preferred Systems, Inc., et al.*, No. C-04-3083-SBA, 2004 WL 2331876 *3 (N.D. Cal. Oct. 15, 2004) (Armstrong, J.). Plaintiffs'

1  claims duplicate claims available under ERISA § 502(a) and provide for remedies different from
2  ERISA remedies, including punitive and compensatory damages.
3        Alternatively, Plaintiffs' claims relate to an ERISA plan because they "encroach[] on the
4  relationships regulated by ERISA" or the "obligations flowing from these relationships." *General*
5  *American Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521-22 (9th Cir. 1993). Plaintiffs attribute
6  to Urso and other Defendants statements in the Information Statement (and other statements
7  pertaining to the transfer and use of plan assets) and claim that those statements fraudulently
8  induced them to consent to the disposition of plan assets to their detriment. These allegations
9  cannot avoid encroaching on the relationship between plan member and plan fiduciary because they
10 concern alleged statements by Defendant Urso as a putative plan fiduciary "[c]onvey[ing]
11 information about the likely future of plan benefits." *See Varity*, 516 U.S. ___, 502 (defendant
12 could not escape fiduciary responsibility under ERISA based on provision of misleading
13 information about a plan benefit). Plaintiffs' claims also interfere with the ERISA-regulated
14 relationship between plan and plan fiduciaries because the injury alleged by Plaintiffs – investment
15 of plan assets in purportedly worthless stock – would injure the plan that held the stock. Any
16 determination that the Information Statement contains misstatements also would interfere with the
17 ERISA-regulated relationship between employer and employee. *Castonguay*, 984 F.2d at 1521.
18 Plaintiffs' claims "collaterally challenge" the employers' decisions, as plan administrators,
19 regarding the "handling, review, and disposition" of plan benefits. *Mayeaux v. Louisiana Health*
20 *Service and Indemnity Co.*, 376 F.3d 420, 433 (5th Cir. 2004). Plaintiffs' claims likewise implicate
21 the ERISA-regulated relationship between "plan and plan member." Any judgment requiring
22 Defendants to restore the consideration paid for the Lux stock or disgorge any ill-gotten gains
23 would effect a "change in the benefits to which beneficiaries [and participants] will be entitled
24 under ERISA-covered plans." *Blue Cross of California v. Anesthia Care Associates*, 187 F.3d
25 1045, 1054 (9th Cir. 1999). Furthermore, rescission of the Lux stock purchases would necessarily
26 impact the Lux Plan trustee because the trustee is the owner of the stock. The trustee somehow
27 would have to be compelled to tender the stock back to Lux, from which it was purchased.
28

1.  Plaintiffs' claims are not "saved" from preemption by the savings clause in ERISA § 514(a). Plaintiffs' claims for common law fraud, civil conspiracy and Business & Professions Code § 17200 *et seq.* are not specifically directed toward the securities industry. *Bowen et al. v. Ziasun Technologies, Inc.*, 116 Cal. App. 4th 777, 787 (Ca. App. 4th Dist. 2004) (§ 17200 does not impose liability for securities violations). California's Securities Laws also are not directed to the securities business in particular. *See* Cal. Corp. Code § 25400 (permitting a claim against "*[a]ny person* who willfully participates in any act or transaction in violation of Section 25400" by "*any person* who purchases or sells any security*") (emphasis added). Plaintiffs' claims also do not "substantially affect" any risk allocation between security seller and purchaser. *Cf. Security Life Insurance Co. of America v. Meyling*, 146 F.3d 1184 (9th Cir. 1998). Moreover, the savings clause will not "save" a claim, even if it arguably regulates the securities industry, if it provides an alternative remedy for enforcing a right covered by ERISA. *See Davila*, 124 S. Ct. at 2498, n. 4. Plaintiffs' state law claims authorize remedies, including punitive and compensatory damages, which are not allowed under ERISA. Accordingly, the savings clause in Section 514(a) does not avoid preemption of Plaintiffs' state law claims.

Finally, Urso's removal of this action was timely. Plaintiffs' unsupported assertion that Urso "may" have "received" the FAC more than 30 days before removal is inapposite. Mere receipt of a complaint does not trigger the time for removal. *Murphy Brothers Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 348 (1999). The undisputed evidence shows that Urso was never served properly, and his first receipt of the Summons and FAC was less than 30 days before he removed. In their reply memorandum, Plaintiffs move away from arguing about receipt of the FAC and suggest instead that removal was defective because Urso did not submit the entire state file with his removal notice. Under 28 U.S.C. § 1446(a), the defendant need only include with his notice

/ / /

/ / /

/ / /

of removal "all process, pleadings, and orders served upon such defendant." It is undisputed that this was done.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Remand is DENIED in its entirety.

IT IS SO ORDERED.

DATED:   5-17-05

/s/ Saundra Brown Armstrong
Saundra B. Armstrong
United States District Judge

PRESENTED BY:

ARNOLD & PORTER LLP
REGINA A. STAGG
JAMES S. BLACKBURN
TRUC-LINH NGUYEN
ERIKA K. WOODS

By: /s/ Regina A. Stagg
Regina A. Stagg
Attorneys for Defendant
Joseph P. Urso